# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JARROD TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:25-cv-00678-RAH |
| | ) |
| JOHN Q. HAMM, | ) |
| Commissioner, Alabama | ) |
| Department of Corrections, | ) |
| | ) |
| and | ) |
| | ) |
| TERRY RAYBON, Warden, | ) |
| Holman Correctional Facility, | ) |
| | ) |
| Defendants. | ) |

## JOINT MOTION TO CONSOLIDATE

Plaintiff and Defendants, sued in their official capacities (collectively, the "Parties"), respectfully move under Federal Rule of Civil Procedure 42(a) to consolidate this case under one docket ***for the limited purposes of case management and the administration of discovery only*** with the following seven cases:

- *Van Pelt v. Hamm et al.*, 2:25-cv-00671-RAH (MDAL)

- *Belisle v. Hamm et al.*, 2:25-cv-00673-RAH (MDAL)

- *Brooks v. Hamm et al.*, 2:25-cv-00674-RAH (MDAL)

- *George v. Hamm et al.*, 2:25-cv-00675-ECM (MDAL)

- *Jenkins v. Hamm et al.*, 2:25-cv-00676-RAH (MDAL)

- *Williams v. Hamm et al.*, 2:25-cv-00677-ECM (MDAL)

- *Lee v. Hamm et al.*, 2:25-cv-00680-RAH (MDAL)

The Parties agree that it is appropriate to consolidate these actions under one docket for case management and discovery purposes because of the similarity among the claims raised.

The Plaintiffs in the *Van Pelt*, *Belisle*, *Brooks*, *George*, *Williams*, and *Lee* actions are each represented by the same counsel at Arnold & Porter and the complaints in those six actions are substantially similar (the "Arnold & Porter complaints"). While the complaints in the *Jenkins* and *Taylor* actions involve similar facts and issues as the Arnold & Porter complaints (and some overlap in claims with them), the *Jenkins* and *Taylor* complaints each contain unique differences from the Arnold & Porter complaints. As a result, the Parties agree that it is appropriate to brief three separate dispositive motions—one for the Arnold & Porter complaints, one for the *Jenkins* complaint, and one for the *Taylor* complaint.

Under Federal Rule of Civil Procedure 42, a district court may consolidate multiple actions if they "involve a common question of law or fact." FED. R. CIV. P. 42(a)(2). "This rule is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776

F.2d 1492, 1495 (11th Cir. 1985) (internal quotation and citation omitted). The Eleventh Circuit has urged district courts "to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1314 (11th Cir. 2017) (quoting *Young v. City of Augusta*, 59 F.3d 1160, 1169 (11th Cir. 1995)).

Consolidation for case management and discovery purposes is warranted here. All eight plaintiffs elected nitrogen hypoxia as their method of execution. These eight cases were filed on August 22, 2025. The defendants in all cases are Commissioner John Hamm and Warden Terry Raybon; seven also name a number of John Does, either ADOC employees or contract providers, who participate in executions.

More specifically, the complaints raise the following claims:

- All eight complaints argue that the nitrogen hypoxia protocol is violative of the Eighth Amendment's prohibition on cruel and unusual punishment.
    - The complaints name different alternative methods of execution. Some methods overlap (e.g., nitrogen with midazolam), while others are outliers (e.g., electrocution); one plaintiff refuses to name an alternative for religious reasons.
- Six of the complaints claim that the protocol violates the Alabama Constitution's prohibition on cruel and unusual punishment in Art. I, § 15 (Belisle, Brooks, Lee, Van Pelt, Williams, Taylor).
- Six of the complaints claim that section 15-18-82.1 of the Code of Alabama is unconstitutionally vague in violation of the Due Process Clause and/or Art. I, § 6, of the Alabama Constitution (Belisle, Brooks, George, Lee, Van Pelt, Williams).

- Five of the complaints claim that the Alabama legislature improperly delegated legislative authority to ADOC in violation of Art. III, §§ 42, 43, of the Alabama Constitution (Belisle, Brooks, Lee, Van Pelt, Williams).

Though there are some distinctions as to these claims (which the Parties agree are appropriate to address in three separate dispositive motions with respect to the Arnold & Porter complaints, the *Jenkins* complaint, and the *Taylor* complaint), consolidation of all eight actions for case management and discovery purposes is appropriate because "there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." *Eghnayem*, 873 F.3d at 1314 (11th Cir. 2017) (quoting *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016)).

    The general practice of this Court is to consolidate cases before the judge who had the earliest filed case. *See, e.g.*, *Walker v. Marshall*, 2:22-cv-167-ECM, 2022 WL 1510897 (M.D. Ala. Apr. 15, 2022). The earliest filed here was *Van Pelt v. Hamm*, which is presently before Judge Huffaker. However, Plaintiffs suggest that the interests of efficiency and judicial economy would be best served in this instance by consolidation before Chief Judge Marks because she has pending cases involving challenges to the nitrogen hypoxia protocol, namely *Wilson v. Hamm*, 2:24-cv-00111-ECM (M.D. Ala. Feb. 15, 2024), and *Boyd v. Hamm*, 2:25-cv-00529-ECM (M.D. Ala. July 16, 2025). Plaintiffs take no position on which should be the lead

4

case before Judge Marks. Defendants take no position on which Judge the cases should be consolidated before or which should be the lead case.

Defendants' counsel have the permission of Plaintiff's counsel to file this Joint Motion.

Respectfully submitted,

| FOR PLAINTIFF | FOR DEFENDANTS |
|---|---|
| Justin D. Lerer | Steve Marshall<br>*Attorney General* |
| */s/ Justin D. Lerer*<br>Justin D. Lerer<br>*Counsel for Plaintiff Jarrod Taylor* | */s/ Lauren A. Simpson*<br>Lauren A. Simpson<br>*Deputy Attorney General* |
| Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>(212) 373-3000<br>jlerer@paulweiss.com | Office of the Attorney General<br>501 Washington Avenue<br>Montgomery, AL 36130-0152<br>(334) 242-7300<br>Lauren.Simpson@AlabamaAG.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Lauren A. Simpson*
Lauren A. Simpson
*Deputy Attorney General*